IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                                                                                                                       No. 08cr1547 MCA

RALPH SANCHEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Ralph Sanchez's *Motion to Reduce Sentence* [Doc. 96] and *Response to Probation Memo* [Doc. 102]. The Government responded to both motions. [Doc. 107] The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court **DISMISSES** Defendant's *Motions*.

I. Background

Defendant was charged in a three-count indictment with being a felon in possession of a firearm and ammunition, contrary to 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession with intent to distribute 50 grams or more of cocaine base, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and carrying and possessing a firearm during and in relation to and in furtherance of a drug trafficking crime, contrary to 18 U.S.C. § 924(c). [Doc. 2; Doc. 15 (superseding indictment)] He entered into a plea agreement in June, 2010. [Doc. 75] In the agreement, Defendant agreed to plead guilty to Count 2, possession with intent to distribute 50 grams or more of cocaine base, and to a 12-year

sentence pursuant to 11(c)(1)(C) of the United States Sentencing Guidelines. [Doc. 75, ¶4.a] The Court accepted the plea agreement and, consistent with the agreement, sentenced Defendant to 12 years imprisonment in the custody of the Bureau of Prisons. [Doc. 81] Judgment was entered in April, 2011. [Doc. 87]

Acting pro se, Defendant first moved for a modification of his sentence in December, 2012, citing Amendment 750 to the Sentencing Guidelines. [Doc. 88] "[I]n response to the Fair Sentencing Act [of 2010, Pub. L. 111-220], the Sentencing Commission promulgated Amendment 750, which reduced the base offense levels for various quantities of crack cocaine. . . . With Congress's acquiescence, the Sentencing Commission applied Amendment 750 retroactively." *United States v. Kinchion*, 592 F. App'x 721, 724 (10th Cir. 2014) (citing the Federal Sentencing Guidelines Manual, App. C, Amend. 750 (2011). In June, 2013, after the Government responded to the motion, [Doc. 91], the Court appointed counsel for Defendant and ordered Defendant to reply to the Government's response. [Doc. 92; Doc. 93] Nearly two years later, in March and April 2015, again acting pro se, Defendant filed two more motions for reduction of his sentence. [Doc. 94; Doc. 96] Substitute counsel for Defendant was appointed. [Doc. 95] In July 2015, the Court denied Defendant's pro se *Motion to Reduce Sentence*. [Doc. 96; Doc. 97] However, Defendant's counsel moved the Court to withdraw its order denying the *Motion* and permit counsel "adequate time to investigate the motion." [Doc. 98] The Court granted counsel's *Motion* and withdrew the denial of Defendant's pro se *Motion*. [Doc. 96; Doc. 97; Doc. 99]

Counsel filed its *Response to Probation Memo* [Doc. 102] in August 2015, and, pursuant to an order by this Court, the Government responded in November 2015. [Doc. 107]

## II. Discussion

### A. Eligibility

Generally, courts lack jurisdiction to modify a sentence after it has been imposed. *United States v. Jones*, 634 F. App'x 649, 650 (10th Cir. 2015). However, Congress has granted permission to reduce a sentence under specific circumstances. 18 U.S.C. § 3582(c)(2). Specifically,

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant *who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (Emphasis added). The "policy statements" referenced are found in § 1B1.10 of the United States Sentencing Guidelines. *See Dillon v. United States*, 560 U.S. 817, 821 (2010) (stating that § 1B1.10 is the "relevant policy statement" to which § 3582 refers). That section provides in part that

> **(1)** In General.--In a case in which a defendant is serving a term of imprisonment, and *the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment* to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. 1B1.10(a)(1) (Emphasis added).

Taken together, Sections 3582(c)(2) and 1B1.10(a)(1) require a two-step inquiry. "Under step one of this inquiry, . . . '§ 3582(c)(2) requires [a district] court to follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized' [and o]nly if a district court 'determine[s] that a reduction is consistent with § 1B1.10' may it proceed to step two of the inquiry." *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010) (quoting *Dillon*, 560 U.S. at 827) (second alteration added). If a defendant is not eligible for a reduction, the district court lacks jurisdiction to reduce the sentence and the defendant's motion must be dismissed. *Jones*, 634 F. App'x at 652 (holding that where a defendant's "rule 11(c)(1)(C) plea agreement was not based on a sentencing range that has since been lowered, the district court lacked jurisdiction to consider [the defendant's] motion" and should have dismissed the motion rather than deny it). "'At step two of the inquiry, . . . § 3582(c)(2) instructs a [district] court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *McGee*, 615 F. 3d at 1292 (quoting *Dillon*, 560 U.S. at 827).

Because Sections 3582(c)(2) and 1B1.10 apply only when the sentence imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), the first eligibility question is whether the sentence agreed to in Defendant's 11(c)(1)(C) plea agreement is "based on" the Sentencing Guidelines.

*Jones*, 634 F. App'x at 650. The Supreme Court addressed the circumstances under which an 11(c)(1)(C) plea agreement is "based on" the sentencing guidelines in *Freeman v. United States*, 564 U.S. 522, 534-335 (2011). Justice Sotomayor wrote a concurrence which is recognized by the Tenth Circuit as the controlling opinion. *Jones*, 634 F. App'x at 650. In the concurrence, Justice Sotomayor set out "two situations in which a rule 11(c)(1)(C) plea agreement is based on a Guidelines sentencing range." *Id*. These situations occur:

> (1) when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or
>
> (2) when the plea agreement "provide[s] for a specific term of imprisonment ... but also make[s] clear that the basis for the specific term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty."

*Id*. at 650 (quoting *Freeman,* 564 U.S. at 538 (Sotomayor, J., concurring in the judgment). "In this second situation, the sentencing range that forms the basis of the specified term should be 'evident from the agreement itself.'" *Id.* at 650-51 (quoting *Freeman*, 564 U.S. at 538 (Sotomayor, J. concurring in the judgment).

For example, in *Freeman*, the second test was met where the agreement stated that Freeman "agree[d] to have his sentence determined pursuant to the Sentencing Guidelines" and the agreement included information regarding Freeman's offense level and criminal history category. *Freeman*, 564 U.S. at 542. Moreover, the stipulated sentence was the sum of his mandatory minimum sentence plus the lowest end of the guideline range for his second offense. *Id*.

A contrary result was found in *Jones*, where the plea agreement referenced the Sentencing Guidelines, including specific sections, but did not "provide all the information necessary to independently calculate the applicable Guidelines sentencing range," nor did it state, as in *Freeman*, that the sentence was based on the Guidelines. *Jones*, 634 F. App'x at 652. Thus, the Tenth Circuit concluded that the district court lacked jurisdiction to reduce the sentence because it was not "evident from the agreement itself" that the sentence was based on the Sentencing Guidelines. *Id.* (internal quotation marks and citation omitted); *id.* (collecting cases holding that the 11(c)(1)(C) sentence was not based on the guidelines).

Defendant's plea agreement states as follows:

4. The Defendant understands that the minimum and maximum penalties the Court can impose as to Count 2 of the indictment are:

a. imprisonment for a period of not less than ten (10) years to life; however, pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the specific sentence of twelve (12) years imprisonment is the appropriate disposition of Count 2 of the indictment;

. . .

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The parties also recognize that the Court can either reject or accept this 11(c)(1)(C) plea agreement in accordance with Rule 11 of the Rules of Federal Criminal Procedure.

6. The parties pursuant to Rule 11(c)(1)(C) of the Rules of Federal Criminal Procedure agree that the specific sentence of twelve (12) years imprisonment is the appropriate disposition of this case. The parties further agree that the Defendant's sentence include a term of supervised release and mandatory special penalty assessments as determined by the Court.

[Doc. 75] Elsewhere in the agreement, Defendant agreed not to seek any downward departure or deviation and that "the Court may rely on any of the[ facts admitted by Defendant], as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level." [Doc. 75] Other than this sentence, the plea agreement does not include reference to Defendant's criminal history category or offense level.

Defendant's plea agreement is much closer to *Jones* than to *Freeman*. Although it mentions the Sentencing Guidelines, "simply mentioning the Guidelines in a plea agreement" is not enough to demonstrate that the agreed-upon sentence was based on the Guidelines, *Jones*, 634 F. App'x at 651, because all "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject." *Freeman*, 564 U.S. at 538 (Sotomayor, J., concurring in the judgment) "[T]he mere fact that the parties to a[n 11(c)(1)](C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon." *Id.* at 537. Moreover, there is no indication in the plea agreement how the parties arrived at the imprisonment period of twelve years, nor is there discussion of Defendant's criminal history category. *See Jones*, 634 F. App'x at 652 n.1 (stating that "[a]t least two other circuits have determined that a stipulated sentence in a rule 11(c)(1)(C) plea agreement that does not indicate the defendant's criminal history category is not based on a Guidelines sentencing range, because that range cannot be determined from the plea agreement alone.").

The Court concludes that Defendant's sentence of twelve years imprisonment was not based on the Sentencing Guidelines and, therefore, the Court lacks jurisdiction to reduce his sentence under § 3582(c)(2) and § 1B1.10.  Given Defendant's ineligibility for a reduction, there is no need to go on to the second step of the analysis.

**B.  Separation of Powers**

Defendant also argues that "the limitations imposed upon sentencing judges under 18 U.S.C. § 3582(c)(2) . . . and § 1B1.10 are inconsistent with [*United States v.*] *Booker* [543 U.S. 220 (2005)] and, therefore, should be held unconstitutional."  [Doc. 102]  The Court need not address this argument, however, because the fact that Defendant is ineligible for a reduction is dispositive of Defendant's *Motions*.  Since the Court need not exercise its discretion under second step, it is also unnecessary for the Court to address the constitutionality of any limitations on the Court's discretion.  *See United States v. Gonzales*, 150 F.3d 1246, 1254 (10th Cir. 1998) (stating that courts generally "avoid deciding constitutional issues where narrower grounds for a decision exist"); *Univ. of Utah v. Shurtleff*, 252 F. Supp. 2d 1264, 1284 (D. Utah 2003) ("'[O]ne of the most firmly established and respected doctrines in our jurisprudence' is that 'federal constitutional issues should be avoided where other grounds of decision are available.'").

**III.  Conclusion**

For the foregoing reasons, the Court **DISMISSES** Defendant's *Motion to Reduce*

*Sentence* [Doc. 96] and *Response to Probation Memo* [Doc. 102] for lack of jurisdiction.

**SO ORDERED this 18th day of August, 2017.**

                        **M. CHRISTINA ARMIJO**
                        **Chief United States District Judge**